IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIS BAIRD,
K-81582,

Petitioner,

vs.

MARCUS HODGE,

Respondent.                                          Case No. 14-cv-00349-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Willis Baird, who is currently incarcerated in Lawrence Correctional Center ("Lawrence"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Baird contends that although he became eligible for mandatory supervised release on October 3, 2013, the Illinois Department of Corrections ("IDOC") failed to find a placement for him that would comply with the conditions mandated by the Prisoner Review Board. (Doc. 1, p. 17). Having been found to be in violation of the terms of his release, Baird was forced to remain incarcerated at Lawrence. Baird asserts that he is being unlawfully confined and that IDOC's failure to find a suitable placement for him violates his constitutional rights. (Doc. 1, p. 17).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that Baird has failed to exhaust all means of available relief under state law. Accordingly, because the claims presented here have not been exhausted, federal habeas corpus review is premature.

## Procedural History

In 2000, Baird was sentenced to 25 years imprisonment for home invasion (Lake County, Circuit Court No. 99-CF-3081) and 3 years imprisonment for aggravated criminal sexual abuse (Lake County Circuit Court No. 99-CF-928). (Doc. 1, pp. 26-27). The sentences were to run consecutively. *Id*. Accounting for both good conduct credits earned and lost, Baird became eligible for mandatory supervised release on October 3, 2013. *Id*. at 28. However, in order to comply with the conditions mandated by the Prisoner Review Board, Baird had to be released to a site that could provide electronic monitoring. According to a "Parole Violation Report" dated October 3, 2013, the Illinois Department of Corrections could not locate a suitable placement for Baird, and consequently Baird could not comply with the conditions of his mandatory supervised release. *Id*. As a result, Baird remains incarcerated at Lawrence.

On October 8, 2013, Baird filed a habeas corpus petition in the Second Judicial Circuit Court of Lawrence County, Illinois (No. 13-MR-60) seeking

immediate release from Lawrence. *Id*. at 4. Baird concedes in the present federal habeas petition that his state habeas petition has not yet been heard. *Id*.

## Discussion

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before proceeding with a review of a petition for habeas corpus on its merits,

> [A] district court must make two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This requirement stems from "the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). Therefore, a petitioner must have presented every claim included in the federal habeas petition in a petition for discretionary review to a state court of last resort. *O'Sullivan,* 526 U.S. at 846-47.

Although Baird has filed a state habeas petition in the Second Judicial Circuit of Lawrence County, Illinois, *see Baird v. Hodge*, 13-MR-60, he

acknowledges in his federal habeas petition that the state court has not yet made a ruling on his petition. (Doc. 1, p. 4). Before this Court can even consider Baird's federal petition, he must exhaust all means of available relief under state law, which includes review of his claims through the entire Illinois appellate process, including the state's highest court. Only then can this Court consider Baird's federal habeas petition. Based on the foregoing discussion, the habeas petition (Doc. 1) shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

Should Baird desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good

faith" on his part. *Id*. at 338 (citation omitted).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Baird has failed to exhaust all state remedies available, and therefore he is not entitled to relief pursuant to 28 U.S.C. § 2254.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: APRIL 7, 2014**

Digitally signed by
David R. Herndon
Date: 2014.04.07
15:30:03 -05'00'

**Chief Judge**
**United States District Court**